IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVERETT MULTINE,

        Petitioner,

v.                                                            No. CIV. 03-0184 MV/RHS.

JOE WILLIAMS, Warden

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss the Petition for Writ of Habeas Corpus, filed March 7, 2003 [Doc. No. 9]. The United States Magistrate Judge, having reviewed the Petition, its exhibits, and the pleadings, finds that the Motion to Dismiss is well taken and recommends that it be granted.

1. Petitioner, Everett Multine, is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Sentence and Commitment of the Eleventh Judicial District Court, County of San Juan, State of New Mexico in case No. CR 2000-1048. Petitioner is proceeding pro se and in forma pauperis.

2. Following a jury trial in March, 2001, Mr. Multine was found guilty of Shoplifting over $250.00, a fourth degree felony; Resisting, Evading or Obstructing an Officer, a misdemeanor; Disorderly Conduct, a petty misdemeanor; and Larceny under $100, a petty misdemeanor. (Answer, Exhibit A).

3. Judgment, Sentence and Commitment was entered against the Petitioner in March, 2001. Mr. Multine was sentenced to a term of eighteen months, enhanced by an eight year term for being a habitual offender with three prior felony convictions, for a total term of nine and one-half years.(Answer, Exhibit A).

4. Represented by counsel, Petitioner unsuccessfully pursued a direct appeal and the New Mexico Supreme Court denied certiorari on October 17, 2001. (Answer, Exhibit G). His conviction therefore became final on January 15, 2002. U.S.C. §2254(d)(1)(A), Rhine v. Boone, 182 F3d 1153, 1955 (10th Cir. 1999).

5. Mr. Multine did not file a state petition for habeas corpus. On February 6, 2003, Petitioner filed a pro se Application for a Writ of Habeas Corpus in this Court.

6. Respondent answered and moved to dismiss the petition on the grounds that it is a mixed petition that contains both exhausted and unexhausted claims and that it is time barred under U.S.C. §2254. Because Petitioner filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ( AEDPA), its standards apply to this case. Upchurch v. Bruce, 333 F. 3d. 1158, 1162-63 (10th Cir. 2003); Paxton v.Ward, 199 F. 3d 1197, 1204 (10th Cir. 1999).

7. These charges arose out of an incident that occurred at a Wal-Mart in Farmington on November 11, 2000. The state alleged that Mr. Multine placed a number of items in a shopping cart and a bottle of perfume in his pocket, went past the check-out lines and exited the store without paying for the items. The state also alleged that when Mr. Multine was detained by store officials he became unruly and that he resisted the officer when he was arrested.

8. Mr. Multine testified at trial. Prior to trial, defense counsel moved in limine to exclude

the introduction of his three prior felony convictions for attempted arson, possession of cocaine and forgery and to exclude the introduction of a misdemeanor shoplifting conviction. The prosecution conceded that the forgery conviction was over ten tears old and no evidence regarding that conviction was admitted at trial.   The trial court allowed testimony regarding the other convictions to be elicited from Petitioner.

     9. Mr. Multine is Native American.  Prior to the start of voir dire, there were several Native Americans among the prospective jurors.  At the conclusion of voir dire there were no Native Americans remaining on the jury panel.  The defense did not question the ethnic makeup of the jury at the time of trial nor did counsel demand that the state explain its one peremptory challenge of a Native American juror.

     10.  Prior to trial, the defense served a subpoena duces tecum on Wal-Mart officials requesting production of policies and procedures relating to the apprehension and detention of suspected shoplifters.  Wal-Mart moved to quash the subpoena alleging that it was not timely served and not relevant to the defendant's case.  The trial court granted the motion to quash, finding that the defense could cross examine the Wal-Mart employees about the policies and ruled that the written policies were not relevant to the defendant's case.

     11.  On direct appeal, Petitioner raised three issues:  (1) whether the trial court erred in allowing the jury to be informed of Petitioner's prior felony convictions for attempted arson and possession of cocaine and misdemeanor shoplifting; (2) whether jurisdictional error occurred as a result of no Native Americans having been impaneled on Petitioner's jury and as a result of the State exercising two peremptory challenges, one of which was towards a Native American; and (3) whether the trial court erred in quashing Petitioner's subpoena to Wal-Mart.   The New

Mexico Court of Appeals affirmed the trial court's rulings on these three issues and affirmed Mr. Multine's convictions.

12. Mr. Multine filed a petition for writ of certiorari which was denied by the New Mexico Supreme Court on October 17, 2001. Petitioner did not appeal to the U.S. Supreme Court and he did not file a state habeas petition.

13. Mr. Multine's federal petition sets forth four claims. In Claim One, Petitioner contends that his attorney provided ineffective assistance of counsel when he told Mr. Multine that "I had to give a brief statement of my past convictions, or I would be forced to do so anyways, and that it would look good towards the jury if I told about my past." In Claim Two, Petitioner contends that his attorney provided ineffective assistance of counsel in regard to jury selection because "my jury was all white and had it in for me because [of] being Native American in a racist country." Although these two issues were raised in the state court proceedings, they were not analyzed by the state court in terms of ineffective assistance of counsel  In Claim Three, Petitioner raises the issue of quashing the subpoena to Wal-Mart, an issue which was addressed by the state court on direct appeal. Claim Four asserts an attorney retained after the Supreme Court denied certiorari offered ineffective assistance of counsel because he failed to file a federal writ of habeas corpus on Mr. Multine's behalf. That issue was never raised in the New Mexico state courts.

14. Respondent asks that this § 2254 petition be dismissed because Petitioner presents a mixed petition containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). Under the doctrine of exhaustion, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. See

Picard v. Connor, 404 U. S. 270, 275 (1971); Hernandez v. Starbuck, 69 F. 3d 1089, 1092-93 (10th Cir. 1995). The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. Picard, 404 U. S. at 275. Having carefully considered the petition, the Court finds that Petitioner presents claims of ineffectiveness that have never been presented to the state court, thus the New Mexico state courts have not been fairly presented with an opportunity to consider three of the four claims alleged in Petitioner's Application for Writ of Habeas Corpus.

     15. AEDPA does not generally give this Court the authority to grant habeas relief on a claim that is unexhausted unless the State expressly waives exhaustion, and the State has not done so in this case. See 28 U. S. C. § 2254( b)( 1) ( application for a writ of habeas corpus . . . shall not be granted unless it appears that [Petitioner] has exhausted the remedies available in the courts of the State); id., § 2254( b)( 3) (A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.).

     16. A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U. S. 509, 520-21 (1982). The Tenth Circuit has specifically stated that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims. Aragon v. Shanks, 185 F. 3d 873, 1999 WL 448815 (10th Cir. Jul. 2, 1999) ( unpublished table decision) (citing Harris v. Champion, 48 F. 3d 1127, 1131, 1133 (10th Cir. 1995) (disapproving dismissal of unexhausted claims only and clarifying that a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim)) .

17. Although Mr. Multine's petition contains both exhausted and unexhausted claims and the entire petition could therefore be dismissed without prejudice to afford Petitioner the opportunity to pursue the unexhausted claims in state court, a determination that the filing of the petition was untimely would mandate dismissal with prejudice. ADEPA provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
> §28 U.S.C.A. 2244(d).

18. The New Mexico Supreme Court filed its denial of certiorari review of the Court of Appeals Memorandum Opinion which affirmed Mr. Multine's convictions on October 17, 2001. The one year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999). (See Rule 13 of the Rules of the Supreme Court of the United States providing that a petition should be filed with the Clerk within 90 days after the entry of judgment.) The statute of limitations, therefore, would have expired on January 15, 2003.

19. On February 6, 2003, the clerk of the district court received a pro se 28 U. S. C. §

2254 petition from Mr. Multine.  Because Petitioner failed to state the date the petition was delivered to prison officials, he cannot avail himself of the benefit of the "mailbox rule," see Houston v. Lack, 487 U. S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that pro se prisoner's notice of appeal is "filed" when he "delivers such notice to the prison authorities for forwarding to the clerk of the District Court"). Thus, Mr. Multine  filed his habeas petition one year and nineteen days after his time to appeal to the U.S. Supreme Court had expired, or nineteen days  after the one-year limitation period provided by the Anti-terrorism and Effective Death Penalty Act (AEDPA). See also Griffith v. Kentucky, 479 U. S. 314, 321 n. 6, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)( defining "final judgment" in retroactivity context as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. ").

20.  Mr. Multine does not contest that he filed his petition more than one year after the time for a petition for certiorari to the Supreme Court elapsed.  Claims One, Two and Three involve matters which occurred at the time of trial, therefore the AEDPA provision that delays the running of the one-year period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" does not toll the running of the limitations period.   He instead argues that he should be allowed  to escape AEDPA's one-year limitation period because he retained an attorney to file his federal habeas petition and that attorney failed to do so in a timely fashion.

21.  The AEDPA's one-year limitation period is not jurisdictional but, rather, is in the nature of a statute of limitations and, thus, may be subject to equitable tolling. See Miller v. Marr, 141 F. 3d 976, 978 (10th Cir.), cert. denied, 525 U. S. 891, 119 S. Ct. 210, 142 L. Ed. 2d 173,

(1998). In United States v. Glover, 1998 WL 453674, at *1 (10th Cir. Aug. 5, 1998), the Tenth Circuit held that equitable tolling was not warranted because the pro se habeas petitioner had failed to show that "there was an impediment created by governmental action, ... and [that] it prevented [him] from filing his motion in time." See also Johnson v. United States Postal Serv., 861 F. 2d 1475, 1481 (10th Cir. 1988) (stating that equitable tolling is appropriate where, among other things, the failure to file was "due to a false representation by [a] court, agency, or a putative [adversary]").  Here, as in Glover, Mr. Multine's attorney is not a government actor. Moreover, Mr. Multine has failed to allege any "extraordinary" circumstances that would justify equitable relief from AEDPA's one-year statute of limitations, see Johnson, 861 F. 2d at 1480-81, thus equitable tolling is not warranted in this case.

22. Unlike Petitioner's first three claims, the factual predicate of Claim Four did not exist until the time when Petitioner's attorney failed to timely file his federal habeas petition. Liberally construing the pro se complaint, see United States v. Edwards, 69 F3d 419, 427 (10th Cir. 1995), Petitioner argues not only that the statute of limitations should have been tolled due to his attorney's lack of diligence, but also that his attorney's actions constituted ineffective assistance of counsel in violation of the Sixth Amendment.

23. This issue is technically unexhausted. Nevertheless, this Court does have the authority to deny unexhausted claims that are without merit, see 28 U. S. C. § 2254 (b)( 1)( 2). " It is appropriate to address the merits of a habeas petition notwithstanding failure to exhaust available state remedies,... if the interests of comity and federalism would be better served by addressing the merits forthwith." Hoxie v. Kerby, 108 F.3d 1239 (10th Cir. 1997).

24. Assuming, for the purpose of this recommendation, that Petitioner has stated a claim

8

that is not barred under the one year statute of limitations of AEPDA, the Court finds this issue is appropriate to dismiss on the merits. Because there is no constitutional right to an attorney in post-conviction collateral proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987), Petitioner cannot claim constitutionally ineffective assistance of counsel in such proceeding.   In the absence of a constitutional violation, Petitioner bears the risk in federal habeas for all attorney errors made in the course of representation. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2678, 2678, 2688 (1986). Therefore, even if Claim Four was construed by the Court to survive Respondent's Motion to Dismiss the petition as time-barred, the failure of his retained attorney to file a federal habeas petition does not constitute grounds for habeas relief and the claim should be dismissed.

### Recommendation

The Court recommends that Respondent's Motion to Dismiss be GRANTED and that this case be DISMISSED WITH PREJUDICE.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                          *Robert Hayes Scott*
                                    ROBERT HAYES SCOTT
                                    UNITED STATES MAGISTRATE JUDGE